UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ROBERT DANIEL MCNETT, SR.,**

   Plaintiff,

v.                                                                                              No. 4:20-cv-1200-P

**KILOLO KIJAKAZI, ACTING**
**COMMISSIONER OF THE SOCIAL**
**SECURITY ADMINISTRATION,**

   Defendant.

## MEMORANDUM OPINION & ORDER

   Before the Court is Plaintiff Robert Daniel McNett, Sr.'s Motion for Award of Attorney's Fees. ECF No. 27. Defendant Kilolo Kijakazi only opposes the claims for the hourly rate for hours worked in 2021. Def.'s Resp. at 1, ECF No. 28. Kijakazi does not oppose McNett's entitlement to attorney's fees, the number of hours worked, or the hourly rate requested for hours worked in 2020. *Id.* Accordingly, the Court concludes that Plaintiff is entitled to 2.25 hours' worth of attorney's fees at an hourly rate of $201.20.

   Kijakazi objects to the rate that Plaintiff requests for work provided in 2021 because that rate was based on the Consumer Price Index ("CPI") for September 2021, rather than the average CPI for the first half of 2021. Def.'s Resp. at 2. Kijakazi argues that because the work was done during the first half of 2021, rather than September, that time frame is the relevant time frame for determining the CPI. *Id.* However, Kijakazi does not object to Plaintiff's use of the annual 2020 CPI, rather than the November 2020 CPI even though, by Kijakazi's logic, November 2020 or the second half of 2020 CPI are the only relevant CPIs because that time period was when the work was performed. Applying Kijakazi's rule would result in a higher hourly rate for 2020 than what Plaintiff requests.

Kijakazi also argues that using the month when the judgment was rendered as the relevant CPI is tantamount to charging post-judgment interest without the government's consent. *Id.* (citing *Perales v. Casillas*, 950 F.2d 1066, 1074–79 (5th Cir. 1992). However, using the month where the judgment was issued is simply keeping with the cost-of-living adjustment that the Equal Access to Justice Act allows. *See Perales*, 950 F.2d at 1076. Here, the work was performed in the same year that the judgment was rendered. This is distinguishable from a three-year delay between performing work and payment for such work that the Fifth Circuit discussed as a form of post-judgment interest, which could result in a much different CPI from when the work was done. *See id.* at 1076–77.

Further, the amount in dispute here is $56.15. The Supreme Court admonished that a "request for attorney's fees should not result in a second major litigation" and the Court trusts that the parties here will not escalate this into such. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Therefore, this Court concludes that the hourly rate should be calculated by the annual average CPI when the work was done, if it is available, or by the CPI of the month that the judgment was issued if the work was done and the judgment was rendered in the same year. Accordingly, the Court concludes that Plaintiff is entitled to 21.35 hours' worth of attorney's fees at an hourly rate of $214.60.

Therefore, it is **ORDERED** that Plaintiff is awarded attorney fees under the Equal Access to Justice Act in the amount of $5,034.41. Subject to any offset under the Treasury Offset Program, payment of all checks pursuant to this Order shall be made payable to Plaintiff and mailed exclusively to the Law Office of Ronald D. Honig, 9330 Lyndon B. Johnson Fwy., Suite 870, Dallas, TX 75243.

**SO ORDERED** on this **23rd day** of **November, 2021.**

_____
Mark T. Pittman
United States District Judge